UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | Criminal Action No. 6: 12-053-DCR |
| Plaintiff/Respondent,      ) | and |
| ) | Civil Action No. 6: 14-7372-DCR |
| V.      ) | |
| ) | |
| TODD J. BROCK,      ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant.      ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On June 14, 2013, Defendant Todd J. Brock pleaded guilty to conspiring to distribute oxycodone in violation of 21 U.S.C. § 846. [Record No. 265] The parties did not agree to any specific guideline calculations in their Plea Agreement. [Record No. 337, p. 3] Additionally, Brock waived his right to appeal the guilty plea and conviction, but retained the right to appeal his sentence. [*Id.* at pp. 3–4] On October 4, 2013, Brock was sentenced to 210 months of imprisonment, followed by a five-year term of supervised release. [Record No. 344] In calculating the defendant's guideline range under the United States Sentencing Guidelines, the Court found that a four-level increase for Brock's leadership role was appropriate under U.S.S.G. § 3B1.1(a).

Brock did not file a timely appeal. However, he subsequently moved the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 436] Brock asserts that his attorney was ineffective for failing to file a Notice of Appeal after

being specifically instructed to do so.[1]  [*Id.*, p. 4]  In accordance with local practice, the motion seeking collateral relief was referred United States Magistrate Judge Candace J. Smith for review and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  On March 26, 2015, the Magistrate Judge held an evidentiary hearing regarding the defendant's motion.  [Record Nos. 480, 484]  Subsequently, on July 24, 2015, Magistrate Judge Smith issued her report, summarizing the factual and procedural history of the case and recommending that Brock's motion be denied.  [Record No. 487]  Brock filed timely objections to the Report and Recommendation.  [Record No. 490]

Having conducted a *de novo* review of the portions of the report to which Brock objects, the Court will adopt the Magistrate Judge's recommendations and deny the relief sought.

### I.  Standard of Review

In seeking relief under 28 U.S.C. § 2255, a defendant may assert that the sentence was imposed in violation of the United States Constitution or federal law, that the court lacked jurisdiction, that his or her sentence exceeded the maximum penalty authorized by law, or that the sentence is otherwise subject to collateral attack.  To prevail on a claim of constitutional error, a defendant "must establish an error of constitutional magnitude which had a substantial and injurious effect or impact on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).  Additionally, to prevail on a claim of non-

---

[1] Brock originally asserted four claims of ineffective assistance of counsel. [*See* Record No. 436] He has since withdrawn all of his claims except those resulting from the alleged failure of his attoney to file a direct appeal. [Record Nos. 455, 463]  The withdrawn claims have been dismissed, with prejudice. [Record No. 464]

constitutional error, the defendant must show a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id*. (internal quotation marks omitted).

A district court must make a *de novo* determination of those portions of a magistrate judge's recommendation to which an objection is made. 28 U.S.C. § 636(b)(1). However, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## II. Analysis

### A. Ineffective Assistance of Counsel

Brock asserts that his attorney was constitutionally ineffective by failing to file an appeal or consult with him about filing a Notice of Appeal. To succeed on this claim, Brock must meet both prongs of the *Strickland* test by proving deficiency and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984).

The first prong requires that Brock prove that his counsel's performance was deficient. *Id.* at 687; *Fautenberry v. Mitchell*, 515 F.3d 614, 623 (6th Cir. 2008). "The proper standard for attorney performance is that of reasonably effective assistance, as measured by prevailing professional norms." *Fautenberry*, 515 F.3d at 623 (citations and internal quotation marks omitted). To establish deficient performance, "'the habeas petitioner must show that counsel's representation fell below an objective standard of reasonableness.'" *Id.* (quoting *Strickland*, 466 U.S. at 687–88). Essentially, Brock must show that his attoney "made errors so serious that counsel was not functioning as the

'counsel' guaranteed by the Sixth Amendment." *Jells v. Mitchell*, 538 F.3d 478, 491 (6th Cir. 2008) (internal quotation marks omitted).

The second prong requires proof that Brock was prejudiced by his attorney's deficient performance. *Strickland*, 466 U.S. at 694; *Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003). To establish prejudice, he must "demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Regalado*, 334 F.3d at 524 (internal quotation marks omitted).

In the context of an appeal, "it is 'professionally unreasonable' for a lawyer to fail to file an appeal when specifically instructed to do so." *Regalado*, 334 F.3d at 524 (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). In *Flores-Ortega* the Supreme Court held that an attonrey's failure to perfect a direct appeal upon his client's request is a per se Sixth Amendment violation. 528 U.S. at 477. Therefore, if counsel fails to file a direct appeal upon request, a defendant is entitled to a delayed appeal without having to show any likelihood of success on the merits. *Id.*; *Regalado*, 334 F.3d at 525.

Absent explicit instructions to appeal, an attorney is only required to consult with his client about the advantages and disadvantages of an appeal and ascertain the client's wishes. *Regalado*, 334 F.3d at 525. If consultation occurred, then "'[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's *express instructions* with respect to the appeal." *Id.* (emphasis added) (quoting *Flores-Ortega*, 528 U.S. at 478). However, if counsel failed to consult with his client, then the court must address whether this alone is indicative of deficient performance. *Id.*

B.  **Deficient Performance**

   1. **Express Instruction to File Appeal**

Brock asserts that a per se violation of his Sixth Amendment right to counsel occurred because his trial counsel, Andrew M. Stephens, failed to file a Notice of Appeal on his behalf after being expressly instructed do to so.  As the Magistrate Judge determined, there was conflicting evidence regarding whether such instructions were given.  Based on this evidence, Magistrate Judge Smith concluded that Brock did not established by a preponderance of the evidence that he specifically directed counsel to appeal following the sentencing hearing.  [Record No. 487, pp. 5–9]

Brock testified during the March 26, 2015, evidentiary hearing that he was "pretty rattled" after hearing the sentence imposed because it was more than double what he was expecting.  [Record No. 484, p. 31] He asserted that, once court adjourned, he asked his attorney "was we going to appeal this."  [*Id.*]  Brock admitted later that he could not remember the exact words used, but that he said something to the effect of "[h]ow do I – [w]ho could I get to appeal it[;] or [h]ow could I appeal it[;] or [w]ould he appeal it?"  [*Id.*] He testified that attorney Stephens nodded his head and said "I'll take care of it."  [*Id.*, p. 32] Futher, Brock indicated there was never a time that he did not want to appeal.  [*Id.*, pp. 33–34]  During cross-examination, however, Brock made clear that he "[did] not demand" that his attorney file an appeal, but that he instead asked something to the effect of "[a]re we going to appeal this?"  [*Id.*, pp. 35–36]  During arguments of counsel, the United States discussed that the defendant's § 2255 motion asserted that he gave Mr. Stephens a specific

instruction to appeal; however, during the evidentiary hearing he changed the alleged content of the conversation to reflect that he did not demand that an appeal be filed. [*Id.*, p. 47]

Stephens testified that he could not say one way or the other whether Brock asked him to file an appeal. [*Id.*, pp. 14–15] And while Stephens read the Court's notification of the right to appeal to Brock at the concluion of the sentencing hearing (and after the term of imprisonment was announced), he did not hear Brock instruct him to file an appeal afterwards. According to Stephens, if he had, "[he] would have filed the appeal." [*Id.*, p. 14] Stephens further stated that his normal procedure is to make a note when asked to appeal and to then file a Notice of Appeal on the defendant's behalf. [*Id.*] However, his notes from the hearing do not mention that Brock requested that an appeal be filed.

"Expressing a desire to appeal is not the factual or legal equivalent of specifically instructing counsel to appeal." *United States v. Taylor*, No. 6:07-12-DCR, 2008 WL 4829873, at *7 (E.D. Ky. Nov. 5, 2008); *see also Regalado*, 334 F.3d at 525 ("But although Regalado *expressed her desire* to file an appeal, she did not *specifically instruct* [counsel] to do so.") (emphasis added). As a result, even if the Court accepts Brock March 26th testimony (*i.e.*, "are we going to appeal this?"), it would not constitute a statement requiring a finding of per se ineffective assistance of counsel because Brock did not equivocally instruct Stephens to file an appeal on his behalf. Magistrate Judge Smith thoroughly considered all evidence presented, including the testimony from the evidentiary hearing, in concluding that it did not support a finding that Brock expressly directed Mr. Stephens to file an appeal. [Record No. 487, pp. 5–9] And after conducting a *de novo* review of the record

regarding this issue, the undersigned agrees. Therefore Magistrate Judge Smith's finding and recommendation will be adopted regarding this issue.

### 2. Failure to Consult

Notwithstanding the above finding, the Magistrate Judge determined that Stephens provided deficient performance by failing to consult with Brock about an appeal, thus satisfying the first prong of the *Strickland* analysis. [*Id.*, pp. 9–13] Counsel has a duty to consult with a defendant regarding the filing of a Notice of Appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 479. Because the testimony at the evidentiary hearing demonstrated that counsel explicitly negotiated the Plea Agreement to preserve Brock's right to appeal his sentence, counsel objected to the four-level enhancement upon review of the Presentence Investigation Report ("PSR") prior to the sentencing hearing, and the length of the sentence was greater than Stephens or Brock expected, the Magistrate Judge concluded that Stephens perfomance was deficient.

Neither party has objected to the Magistrate Judge's finding regarding this issue. The Court has nonetheless reviewed the Magistrate Judge's finding *de novo*, and agrees that Stephens provided deficient performance by failing to consult with Brock about an appeal.

### C. Prejudice

To demonstrate ineffective assistance, Brock must also establish that he was prejudiced by Stephens' failure to consult about an appeal.[2] Prejudice may be shown by "putting on evidence that had counsel consulted with him, there is a reasonable probability that the defendant would have appealed, or by pointing out the existence of non-frivolous grounds for appeal." *United States v. Lovell*, 83 F. App'x 754, 758 (6th Cir. 2003) (citations omitted). The inquiry regarding deficient performance is similar to that of prejudice. However, the Supreme Court has made clear that it did not intend to create a singular component in all cases. *Flores-Ortega*, 528 U.S. at 486. "To prove deficient performance, a defendant can rely on evidence that he sufficiently demonstrated to counsel *his interest* in an appeal." *Id.* (emphasis added). "But such evidence alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he *would have* instructed his counsel to file an appeal." *Id.* (emphasis added). A defendant is not required to demonstrate nonfrivolous grounds for appeal to demonstrate prejudice, but there must be some evidence to suggest that had he been consulted, he would have actually appealed. *Id.* Thus, prejudice requires more than simply showing that a defendant had an interest in appealing: he must prove that he would have actually appealed. *Id.*

Magistrate Judge Smith determined that the Court's application of a four-level leadership enhancement under U.S.S.G. § 3B1.1(a) did not create a nonfrivolous ground for

---

2   Brock first argues that prejudice need not be established because per se ineffective assistance occurred when Stephens disregarded his express instruction to file a notice of appeal. [Record No. 490, p. 8] However, as stated above, the defendant has not proven that he explicitly instructed his counsel to file an appeal.

appeal. [Record No. 487, pp. 15–21] However, Brock objects to this determination.[3] The United States Court of Appeals for the Sixth Circuit has set out the analysis regarding whether a defendant is subject to the leadership enhancement under U.S.S.G. § 3B1.1(a). To qualify for this enhancement, the conspiracy must have involved five or more participants and the defendant "must have been the organizer or leader of one or more other participants." *United States v. Begley*, 602 F. App'x 622, 625 (6th Cir. 2015) (internal quotation marks omitted). Under this section of the Sentencing Guidelines, the sentencing court should consider, inter alia: the defendant's exercising decision-making authority; the nature of his or her participation in the criminal offense; whether the defendant was involved in recruiting accomplices; whether the defendant asserted a right to a larger share of the criminal fruits; the defendant's level of participation in planning or organizing the criminal offense; the scope and nature of the illegal activity and; the degree of authority or control exercised over other participants in the criminal activity. *Id.*

In addressing this issue, the Magistrate Judge considered information cpmtaomed in the PSR, information contained in the parties' Plea Agreement, information outlined in the transcript of the sentencing hearing, and testimony provided at the evidentiary hearing. [Record No. 487, pp. 17–21] The defendant's Plea Agreement clearly confirms that more than five people were involved in the conspiracy. [Record No. 337, p. 2] Further, the testimony of Agent Kersey offered during the sentencing hearing establishes that, at a

---

[3] Brock asserts that the Magistrate Judge erroneously required a finding of nonfrivolous grounds for appeal even though such a finding is not a prerequisite to find prejudice. [Record No. 490, p. 11] However, the Magistrate Judge correctly set out the standard articulated in *Flores-Ortega* that a finding of nonfrivolous grounds for appeal, while not required, is relevant to the issue of prejudice. [Record No. 487, pp. 13–15]

minimum, Brock directed the activities of his wife, Leslie Brock, during the course of the conspiracy.  The defendant's exercise of control over his wife is also confirmed in the information outlined in the PSR and Leslie Brock's own Plea Agreement.  [Record Nos. 261, p. 2; 500, pp. 3–4]  During the sentencing hearing, it was also established that Brock had controlled the activities of others involved in the conspiracy.  In fact, the evidence demonstrated that Brock was extensively involved in the conspiracy and kept other participants in line, through acts of violence if necessary.  [Record No. 441, p. 35]  After considering the record as a whole and conducting a *de novo* review, the Court finds that there are no nonfrivolous grounds for appeal.

As stated above, a finding that there are no nonfrivolous grounds for appeal does not preclude a finding of prejudice.  But there must be some evidence to suggest that had Brock been consulted, he would have actually appealed.  *Flores-Ortega*, 528 U.S. at 486.  In examining whether some evidence existed to support that the defendant would have actually appealed, the Magistrate Judge further determine that the defendant did not promptly express a desire to appeal.  [Record No. 487, pp. 21–25]  Brock has objected to this finding as well.

In concluding that Brock did not promptly express a desire to appeal, the Magistrate Judge reviewed the testimony from the evidentiary hearing and Brock's contact with his attorney.  Magistrate Judge Smith determined that the defendant's assertion that he instructed counsel to appeal was not credible.  [Record No. 487, pp. 21–22]  Both Brock and his attorney testified that various individuals in the courtroom were emotional following the sentencing hearing.  Brock admitted that he did not talk much with his counsel during the few minutes he remained in the courtroom after a recess was announced.  [Record No. 484,

p. 31] Further, Stephens testified that his usual practice is to write down a client's instruction to appeal, but his notes from the sentencing hearing did not reflect such a request was made. [*Id.*, pp. 16–17]

Additionally, Brock's actions following the sentencing hearing did not demonstrate that he would have actually appealed had he been consulted. Brock was instructed at the conclusion of the sentencing hearing and after the term of imprisonment was announced that he retained the right to appeal within fourteen days of entry of the Judgment. As a result, he was aware of the time-sensitive nature of filing a Notice of Appeal. However, Brock did not directly contact Stephens until January 2014, approximately three months after his October 4, 2013 sentencing hearing. [*See* Record No. 437-1] Brock's sister, Diana Warren, testified that she did not attempt to contact Stephens regarding Brock's appeal until after January 6, 2014. [Record No. 484, p. 26] Thus, the evidence demonstrates that Brock did not attempt to contact Stephens until approximately three months after the sentencing hearing.

Moreover, even after Brock was aware that a timely appeal was not filed in January 2014, he waited until October 1, 2014, to file the present motion. [Record No. 436] In short, Brock waited nearly a year from the time of the sentencing hearing to take steps to perfect his appeal. Under the circumstances presented, the Court concludes that Brock would not have actually filed an appeal had he consulted with Stephens. *See Johnson v. United States*, 364 F. App'x 972, 977 (6th Cir. 2010) (defendant's notification of time frame to file a timely appeal, failure to contact counsel until two to three months after sentencing, and delay of nearly a year to file § 2255 motion demonstrated improbability that he would have timely appealed); *United States v. Whitson*, No. 6:12-67-DCR, 2015 WL 520531, at *3–4 (E.D. Ky.

Feb. 9, 2015) (finding no prejudice for failure to consult with defendant about appeal when defendant waited more than seven months to file habeas motion). In summary, the Court agrees with the Magistrate Judge in concluding that Brock was not prejudiced by Stephens' failure to consult with him about a possible appeal of his sentence.[4]

### III. Certificate of Appealability

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted); 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Brock has not made a substantial showing that he was denied his constitutional rights. Reasonable jurists would not debate the denial of Brock's § 2255 petition or concluded that the issues presented are adequate to deserve encouragement to proceed further. *Id.* A Certificate of Appealability will not be issued.

### IV. Conclusion

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

---

4   The Magistrate Judge included a final section looking at "other factors" important to the analysis. [Record No. 487, pp. 25–27] Brock mentions this section by stating that it summarizes the Magistrate Judge's reasons and conclusions and that he objects generally to the conclusions. [Record No. 490, p. 17] Such general objections do not require a review from the Court.

1. The Report and Recommendation of United States Magistrate Judge Candace J. Smith [Record No. 487] is **ADOPTED** in full and **INCORPORATED** by reference.

2. Defendant Todd J. Brock's Objections to Report and Recommendation [Record No. 490] are **OVERRULED**.

3. Defendant Todd J. Brock's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 436] is **DENIED**.

4. A Certificate of Appealability shall not issue with respect to any matter or claim raised in this proceeding.

5. Defendant Brock's action filed pursuant to 28 U.S.C. § 2255 is **DISMISSED** and **STRICKEN** from the Court's docket.

6. A Judgment in favor of the United States shall be issued on this date.

This 24th day of August, 2015.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge