UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal Action No. 6: 12-53-DCR |
| V. | ) ) ) | |
| TODD J. BROCK, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Defendant Todd Brock's *pro se* motion under Rule 60(b) of the Federal Rules of Civil Procedure. [Record No. 541] Brock seeks relief from the Court's August 24, 2015 Memorandum Opinion and Order and corresponding Judgment [Record Nos. 503; 504] which denied his motion under 28 U.S.C. § 2255. In that opinion, the Court determined that Brock's ineffective assistance of counsel claim could not proceed because he was not prejudiced by his former counsel's failure to consult with him about a possible appeal of his sentence. [Record No. 503, p. 12] The Court also declined to issue a Certificate of Appealability. [*Id.*] The United States Court of Appeals for the Sixth Circuit declined to issue a Certificate of Appealability, as well. [Record No. 533]

In the present motion, Brock argues that he is entitled to relief from the August 24, 2015, Judgment because his former attorney failed to provide him with his "case file" while his § 2255 motion was pending. The defendant contends that, as a result, he could not pursue certain arguments raised in his original § 2255 motion. [Record No. 541, p. 2] In particular,

Brock claims that he was unable to present evidence regarding the leadership enhancement he received and the Court's determination of the drug amounts at sentencing. [*Id.*, p. 3]

> A Rule 60(b) motion may be granted where the movant demonstrates:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Here, only Rule 60(b)(6) is applicable because Brock claims that his former attorney's failure to provide him with his case file prevented him from supporting certain claims presented in his habeas motion. After filing that motion, the defendant requested transcripts. [Record No. 437] The Court denied the request under 28 U.S.C. §§ 753(f) and 2250 as premature because Brock was not a *pauper* and the Court had not yet determined that he presented nonfrivolous claims. [Record No. 439]

Subsequently, Brock filed a second motion for transcripts and a motion to compel his attorney to surrender the case file. [Record Nos. 457; 458] Because the United States eventually provided the defendant with a copy of his sentencing transcript, the Court denied the former motion, as moot. [Record No. 462, p. 2] Brock was granted additional time to review the sentencing transcript. [*Id.*, p. 4] The Court also denied the request for "discovery documents" because such documents were not in the record of the case. [*Id.*, p. 2] Further, the Court determined that Brock failed to show good cause regarding his need for such documents. *See* Rule 6(a) of the Rules Governing Habeas Corpus Cases Under Section

2255. [*Id.*, p. 3] With respect to the request that Brock's attorney surrender the case file, the Court concluded that the defendant failed to specify which documents he requested and how those documents would support the ineffective assistance claims raised in his habeas motion. [*Id.*]

Based on this summary of the record, Brock is essentially arguing that the Court's prior determinations regarding his discovery requests were incorrect. However, he has not provided any reasons for the Court to alter its prior conclusions. For example, Brock still fails to identify the documents he seeks, referring only to the "case file" and "sentencing transcripts." [Record No. 541, p. 2] He received the sentencing transcript prior to the Court's August 24, 2015, opinion and Judgment. Although Brock now provides an explanation of how he would use certain documents to support his contention regarding the leadership enhancement, he has still not informed the Court which documents would support that contention. *See United States v. Thompson*, Nos. 09-C-7685, 04-CR-944, 2010 WL 1976880, at *3 (N.D. Ill. May 13, 2010).

Further, Brock had ample time to submit proper requests prior to the Court's rendition of the August 24, 2015 Memorandum Opinion and Order and the subsequent appeal. Moreover, in that opinion, the Court thoroughly discussed the leadership enhancement under U.S.S.G. § 3B1.1(a), concluding that sufficient evidence clearly demonstrated that Brock merited the enhancement and that there were no nonfrivolous grounds for appeal. [Record No. 503, p. 10] Accordingly, it is hereby

**ORDERED** that Defendant Todd Brock's motion for relief from the Court's August 24, 2015 Judgment [Record No. 541] is **DENIED**.

This 31st day of May, 2016.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge